IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–02276–REB–KMT

RAUL TRETO,

    Plaintiff,

v.

BOULDER COUNTY,

    Defendant.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court on Defendant's Motion to Dismiss. (Doc. No. 12, filed Oct. 28, 2011 [Mot. Dismiss]), as well as Plaintiff's Motion to Reset the Scheduling Conference[1] (Doc. No. 16, filed Dec. 30, 2011). Plaintiff filed an untitled document on November 7, 2011, which the court liberally construes, as it must, *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), to be a response to Defendant's Motion to Dismiss. (Doc. No. 15 [Resp.].) For the following reasons, the court respectfully recommends that Defendant's Motion to Dismiss be granted, but that Plaintiff be given an opportunity to cure the defects noted below.

    Additionally, based on this Recommendation, Plaintiff's Motion to Reset the Scheduling Conference is granted. The Scheduling Conference will be reset upon definitive ruling by the

---

[1] This document is actually untitled. Consequently, the court refers to the title of the document contained on the court's docket.

District Court, and if and when Plaintiff files an amended complaint that states a viable claim for relief.

## FACTUAL BACKGROUND

Plaintiff's Title VII Complaint (Doc. No. 1, filed Aug. 30, 2011 [Compl.]) is far from a model of clarity and, in fact, borders on being incomprehensible. It appears that, at some unspecified time and date, Plaintiff reported a sexual assault by an unnamed aggressor. (Compl. at 3-4.) Plaintiff alleges that the "Department Supervisor at Facilities Management" favored the unnamed aggressor because "he is of Anglosagon [sic] origen [sic]" and because Plaintiff is "not a homosexual." (*Id.* at 4.) Plaintiff maintains that the Department Supervisor discriminated against him "by only listening to the agressors [sic] story." (*Id.*) Finally, Plaintiff alleges that after "no one listen[ed] to his story" his supervisor instead "retaliated wrote me up finally was fireded [sic]." (*Id.* at 5.)

Based on these facts, Plaintiff has filed his Complaint alleging that Defendant discriminated against him based on his race, sex, color, national origin, and "family based department" in violation of Title VII. (*Id.* at 2.)

## LEGAL STANDARDS

### *1.* **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines*, 404 U.S. at 520 (holding allegations of a *pro se* complaint "to less stringent standards

than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

### 2.   *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

## ANALYSIS

Defendant maintains that Plaintiff's Complaint fails to state a discrimination or a retaliation claim pursuant to Title VII. (Mot. Dismiss.) The court agrees and also adds that, to the extent that Plaintiff is arguably asserting a Title VII hostile work environment claim, he fails to state a claim under that theory as well.

### 1. *Discrimination Claim*

Plaintiff has the burden of initially establishing a *prima facie* case of discrimination by showing (1) he belongs to a protected class; (2) he suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination. *EEOC v. PVNF, L.L.C.,* 487 F.3d 790, 800 (10th Cir. 2007).

Here, due to the fact that Plaintiff's Complaint is nearly devoid of factual enhancement, the court finds that Plaintiff is unable to establish either element one or element three of a *prima facie* discrimination claim.[2] First, Plaintiff's Complaint does not include any factual allegations as to the protected class he belong to that formed the basis of Defendant's alleged discrimination against him. Although Plaintiff alleges that the Department Supervisor favored the unnamed

---

[2] It is also arguable that Plaintiff fails to sufficiently allege that he suffered an adverse employment action because of his race, color, sex, or national origin. Although the Tenth Circuit liberally defines the phrase "adverse employment action," *Sanchez v. Denver Pub. Sch.,* 164 F.3d 527, 532 (10th Cir. 1998), Plaintiff primarily alleges that he was discriminated against because the Department Supervisor failed to listen to his side of the story. (Compl. at 4-5.) However, Plaintiff does allege that he was eventually terminated (*id.* at 5); the court finds that allegation sufficient to satisfy the second element at this juncture. *Burlington v. Indust., Inc. v. Ellerth,* 524 U.S. 742, 761 (1998) (conduct is an adverse employment action if it "constitutes a significant change in employment status, such as hiring [or] firing.")

aggressor "because he is of Anglosagon [sic] origen [sic]" (Compl. at 4), Plaintiff does not allege what protected group *he* belongs to that formed the basis of Defendant's alleged discrimination against him.  To the extent that Plaintiff alleges that he was treated with disfavor because he is "not a homosexual," Plaintiff has failed to allege any facts indicating that the adverse employment action he endured was based on his sex or gender.  *See Gerd v. United Parcel Serv.,* 934 F. Supp. 357, 359-61 (D. Colo. 1996).  Ultimately, to state a claim for under Title VII for intentional discrimination, Plaintiff must go beyond alleging that he was discriminated against "because of who I am."[3]  (Compl. at 4.)

Additionally, as to the third element, Plaintiff's failure to include the facts surrounding the alleged sexual assault, his report thereof to his site leader, the dismissal of his side of the story, and his eventual termination precludes any determination that Defendant's actions took place under circumstances giving rise to an inference of discrimination.  Accordingly, the court finds that Plaintiff fails to state a claim for intentional discrimination under Title VII.

### 2. *Retaliation Claim*

In order to establish a *prima facie* case of retaliation under Title VII, Plaintiff must "demonstrate (1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal

---

[3] Plaintiff's Response does clarify that he believed he was mistreated because he is a "Mexican who can't even express himself well in English anyway." (Resp. at 1.)  However, this allegation must be contained in the Complaint; on a Rule 12(b)(6) motion to dismiss generally the court cannot rely on information outside of a complaint's allegations.  *Phillips v. Bell,* 365 F. App'x 133, 142 (10th Cir. 2010).

connection existed between the protected activity and the materially adverse action." *Argo v. Blue Cross & Blue Sield of Kan., Inc,* 452 F.3d 1193, 1202 (10th Cir. 2006). Here, the court finds that Plaintiff has failed to set forth sufficient allegations to satisfy either the first or the third element.

As to the first element, in order to engage in protected opposition to discrimination, an employee must oppose an employment practice made unlawful by Title VII. *Petersen v. Utah Dept. of Corrections*, 301 F.3d 1182 (10th Cir. 2002). "Although no magic words are required, to qualify as protected opposition the employee must convey to the employer his or her concern that the employer has engaged in a practice made unlawful by [anti-discrimination statutes]." *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1203 (10th Cir. 2008). Here, although Plaintiff has alleged that he reported a sexual assault to his site leader, he does not allege that he conveyed a concern that this conduct violated Title VII or any other anti-discrimination statute. (Compl. at 3.)

As to the third element, although temporal proximity alone can establish a causal connection between protected activity and an adverse employment action, *Fye v. Okla. Corp. Comm'n,* 516 F.3d 1217, 1228 (10th Cir. 2008), Plaintiff has not alleged any facts outlining the time frame of his reporting of the alleged sexual assault and his ultimate termination. Nor does Plaintiff allege any other facts demonstrating that his firing and his report of the sexual assault were causally connected. Accordingly, the court finds that Plaintiff fails to state a Title VII retaliation claim.

### *3.      Hostile Work Environment*

Although it is less than clear, in light of the fact that Plaintiff alleges that a sexual assault occurred and that he reported it to no avail to his department supervisor, it is arguable that Plaintiff seeks to establish a Title VII hostile work environment claim.  To establish a *prima facie* hostile work environment claim, Plaintiff must present evidence that: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) based on sex; and (4) the harassment was pervasive or severe enough to alter the terms, conditions, or privileges of employment.  *Dick v. Phone Directories Co., Inc.,* 397 F.3d 1256, 1262-63 (10th Cir. 2005).  However, because Plaintiff has not set forth any factual allegations detailing the nature of the sexual assault—including whether it was even Plaintiff who was the victim of that sexual assault—the court cannot evaluate whether the harassment was sufficiently severe or pervasive.  Accordingly, the court finds that, assuming he is seeking to allege a hostile work environment claim, Plaintiff fails to sufficiently allege the fourth element and therefore fails to state a claim for relief.

### *4.      Opportunity to Cure Deficiencies*

Notwithstanding the court's conclusion that Defendant's Motion is properly granted, and that the current version of Plaintiff's Complaint is properly dismissed, the court finds that it is appropriate to grant Plaintiff an opportunity to cure the deficiencies noted above.  Dismissal of a *pro se* plaintiff's complaint for failure to state a claim "is appropriate only where it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [him] an opportunity to amend [his] complaint would be futile."  *Whitney v. New Mexico*, 113 F.3d 1170,

1173 (10th Cir. 1997) (quotation omitted). "[P]*ro se* litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Here, the deficiencies in Plaintiff's Complaint are largely a result of Plaintiff's failure to set forth the underlying facts supporting his claims. If and when Plaintiff sets forth these facts, Plaintiff may have an arguable claim.[4] The court cannot say at this juncture that it is patently obvious that Plaintiff could not prevail in this case. Moreover, the court notes that Plaintiff intends to obtain legal representation (*see* Doc. No. 16), which would likely be of further assistance in curing his Complaint's shortcomings. Accordingly, while the court finds that Defendant's Motion is properly granted, the court also finds that Plaintiff should be provided an opportunity to cure the defects noted above.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that

1. Defendant's Motion to Dismiss (Doc. No. 12) be GRANTED and that Plaintiff's Complaint be dismissed without prejudice.

---

[4] On the other hand, if and when Plaintiff sets forth the facts surrounding his claims, it may become clear that Plaintiff's claims are futile. More specifically, Defendant maintains that it "appear[s]" that the bases for Plaintiff's claims "occurred more than 300 days prior to his filing of a Charge of Discrimination with the EEOC on May 14, 2010." (Mot. Dismiss at 3.) The court has not addressed this argument in this Recommendation because, save for his allegation that the incident involving the unnamed aggressor occurred on January 15, 2008, Plaintiff's Complaint is devoid of any factual allegations relating to the timing of the events described therein. Consequently, if Plaintiff's eventual recitation of facts demonstrates that his claims are time-barred, it will instead become clear that Plaintiff does not have an arguable claim.

      2.      That Plaintiff be permitted an opportunity to cure the deficiencies noted in this Recommendation.

It is further

ORDERED that the Plaintiff's Motion to Vacate the Scheduling Conference (Doc. No. 16) is GRANTED. The Scheduling Conference set for January 10, 2012 is VACATED. The Scheduling Conference will be reset upon definitive ruling by the District Court and if and when Plaintiff files a complaint that states a viable claim for relief.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 4th day of January, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge