IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–02276–REB–KMT

RAUL TRETO,

      Plaintiff,

v.

BOULDER COUNTY,

      Defendant.

_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on Defendants' "Motion to Dismiss Amended Complaint." (Doc. No. 28, filed Oct. 3, 2012.) Pursuant to D.C.COLO.LCivR 7.1C and Fed. R. Civ. P. 6(d), Plaintiff had until October 27, 2012 to file a response. No response was filed on or before that date. Accordingly, this matter is ripe for the court's review and recommendation.

## PROCEDURAL BACKGROUND

Plaintiff's original Title VII Complaint was filed on August 30, 2011. (Doc. No. 1 [hereinafter "Original Complaint"].) On January 4, 2012, this court entered a Recommendation that Defendant's prior Motion to Dismiss (Doc. No. 12) be granted. (Doc. No. 19 [hereinafter "Recommendation".) Therein, the court noted that Plaintiff's Original Complaint was far from a model of clarity and, in fact, bordered on being incomprehensible. (*Id.* at 2.) Based on the allegations in the Original Complaint, it appeared that, at some unspecified time and date,

Plaintiff reported a sexual assault by an unnamed aggressor. (Orig. Compl. at 3-4.) Plaintiff alleged that the "Department Supervisor at Facilities Management" favored the unnamed aggressor because "he is of Anglosagon [sic] origen [sic]" and because Plaintiff is "not a homosexual." (*Id.* at 4.) Plaintiff maintained that the Department Supervisor discriminated against him "by only listening to the agressors [sic] story." (*Id.*) Finally, Plaintiff alleged that after no one listened to his story, his supervisor instead "retaliated wrote me up finally was fireded [sic]." (*Id.* at 5.) Based on these facts, Plaintiff's Original Complaint asserted that Defendant discriminated against him based on his race, sex, color, national origin, and "family based department" in violation of Title VII. (*Id.* at 2.)

In the Recommendation, the court concluded that Plaintiff's Original Complaint was properly dismissed because Plaintiff failed to state a claim for discrimination, retaliation, or hostile work environment under Title VII. (*See generally* Recommendation.) Nevertheless, the court found that the deficiencies in his Original Complaint were largely the result of Plaintiff's failure to set forth the facts supporting his claims. (*Id.* at 9.) The court further noted that if and when Plaintiff set forth those facts, he may have an arguable claim. (*Id.*) *See also Whitney v. New Mexico,* 113 F.3d 1170, 1173 (10th Cir. 1997) (Dismissal of a *pro se* plaintiff's complaint for failure to state a claim "is appropriate only where it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [him] an opportunity to amend [his] complaint would be futile."). As such, the court recommended that Plaintiff be permitted an opportunity to cure the deficiencies noted it the Recommendation. (*Id.* at 9-10.)

On August 24, 2012, District Judge Robert E. Blackburn issued an order adopting this court's Recommendation. (*See* Doc. No. 25, filed Aug. 24, 2013.) Accordingly, Judge Blackburn dismissed Plaintiff's Original Complaint without prejudice and granted Plaintiff a brief time, through September 21, 2012, to file an amended complaint consistent with this court's recommendation. (*Id.* at 2-3.)

On September 19, 2012, Plaintiff filed a one-page document, which, although styled as a letter, the court construes to be Plaintiff's Amended Complaint.[1] (Doc. No. 26 [Am. Compl.].) Defendant timely filed its Motion to Dismiss on October 3, 2013. (*See* Mot. Dismiss.)

## LEGAL STANDARDS

### A. Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated*

---

[1] Indeed, Plaintiff specifically "ask[s] the court to please consider this amend in my complain [sic] against Boulder County." (Am. Compl..)

3

*Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

### B.     *Rule 12(b)(1) – Lack of Subject Matter Jurisdiction*

Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909; *see also McAlester v. United Air Lines, Inc.,* 851 F.2d 1249, 1252 (10th Cir. 1988) ("Subject matter jurisdiction may be challenged by a party or raised *sua sponte* by the court at any point in the proceeding."). The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that

dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

*C.     Rule 12(b)(6) – Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the

allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

## ANALYSIS

Plaintiff's Amended Complaint completely fails to cure any of the deficiencies noted in the Recommendation. The Amended Complaint does not refer in any way to Title VII, or otherwise state that Plaintiff was discriminated against, retaliated against, or subjected to a hostile work environment based on any of the protected categories outlined in Title VII. Thus, Plaintiff's Amended Complaint fails to state a claim for relief under Title VII. *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007) ("to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did

it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated.").

Instead, at best, Plaintiff's Amended Complaint can be liberally construed to assert a negligence claim, which arises under state law. (*See, e.g.,* Am. Compl. at 1 ("because of [various non-parties'] negligence and information misrepresentation in handling of the case I lived in hale [sic] in that department from January 13, 2008 till [sic] September 13, 2010 until I decided to go to the police . . . . I decided to bring this to your consideration to show that because of their negligence Boulder County caused me and my family financial and emotional hardship and I yet recover from it.")  Absent a claim arising under federal law, however, the court lacks subject-matter jurisdiction to adjudicate a Plaintiff's negligence claim.[2]  28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *Sandles v. Colo. Coalition for the Homeless,* No. 12-cv-00603-BNB, 2012 WL 1320151, at *2 (D. Colo. Apr. 17, 2012) (quoting § 1331) (dismissing state law negligence claim for lack of subject matter jurisdiction because "state law negligence claims do not arise 'under the Constitution, laws, or treaties of the United States.'")

---

[2] The court cannot exercise diversity jurisdiction over Plaintiff's negligence claim as Plaintiff is a citizen of the State of Colorado (*See* Orig. Compl. at 6) and Boulder County is a political subdivision of the State of Colorado.  *See* 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."); *Illinois v. City of Milwaukee,* 406 U.S. 91, 97 (1973) ("It is well settled that for purposes of diversity of citizenship, political subdivisions are citizens of their respective States.")

Further, even gratuitously assuming that the court could exercise supplemental jurisdiction over Plaintiff's negligence claim pursuant to 28 U.S.C. § 1367, based on the Title VII claims included in his Original Complaint, Plaintiff plainly fails to state a claim for negligence. *But see* § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . .") To state a negligence claim, Plaintiff must allege the following elements: "(1) the existence of a legal duty to the plaintiff; (2) the defendant breached that duty; (3) the plaintiff was injured; and (4) the defendant's breach of duty caused the injury." *Raleigh v. Performance Plumbing & Heating*, 130 P.3d 1011, 1015 (Colo. 2006). Although Plaintiff's Amended Complaint may arguably satisfy the second element, insofar as he alleges that the individual most familiar with the alleged sexual assault was never questioned, Plaintiff has not set forth facts demonstrating that Defendant owed Plaintiff a legal duty or that the breach of that duty caused Plaintiff's injury. (*See* Am. Compl. at 1.) Accordingly, Plaintiff's negligence claim fails to state a claim upon which relief can be granted.

Altogether, for the foregoing reasons, the court finds that Defendant's Motion to Dismiss is properly granted.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Defendants' "Motion to Dismiss Amended Complaint" (Doc. No. 28) be GRANTED and Plaintiff's Amended Complaint (Doc. No. 26) be DISMISSED. The court further

RECOMMENDS that the District Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this recommendation would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). Thereafter, if Plaintiff files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days of the court's final order in accordance with Fed. R. App. P. 24.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 15th day of March, 2013.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge